**William A. GRADY, individually and on behalf of all others similarly situated, Plaintiff,**

v.

**William R. BLAIR, Fire Commissioner of the Chicago Fire Department and the City of Chicago, Defendants.**

No. 81 C 5948.

United States District Court, N. D. Illinois, E. D.

Dec. 31, 1981.

Susan A. Bandes, Roger Baldwin Foundation of the ACLU, Inc., Chicago, Ill., for plaintiff.

Robert L. Janega, Asst. Corp. Counsel, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Plaintiff William A. Grady ("Grady") brought this action for declaratory and injunctive relief on behalf of himself and similarly situated employees of the Chicago Fire Department ("the Department") who are subject to Fire Department Order 81–010, issued February 23, 1981, which prohibits Department employees, whether on or off duty, from speaking to the press on any subject pertaining to Department activities.[1] Grady maintains that the order is

---

1. The full text of Fire Department Order 81–010 states:

It is the policy of the Chicago Fire Department when dealing with the press, to do so with courtesy, intelligence, and accuracy. Chief officers will attempt to cooperate with the news media whenever possible. Should a doubt arise as to the accuracy of information or the policy of the Fire Department, the chief officer will call the Office of Public Information. As an example, at the scene of a fatality (s) common sense and constraint will be exercised when releasing the names of victims. Often names are released that are incorrect, and other times members of the immediate family have not been notified. When incorrect information is accidentally

released, it not only harms the professionalism of the Department but innocent people as well.

All requests for information aside from fire emergencies and unusual emergency incidents shall be directed to the Office of Public Information. You are to inform all members under your command that the release of any information pertaining to Department policy and operations while on duty shall be coordinated by the Office of Public Information. All members of the Department will be informed that requests by the media for interviews, television, radio or movie appearances, whether on or off duty, relating to Fire Department activities will be directed up the chain of command to the Office of Public

vague and overbroad and that it operates as a prior restraint in violation of the First Amendment to the United States Constitution and 42 U.S.C. § 1983.

This matter is presently before the Court on Grady's motion to certify a class pursuant to Fed.R.Civ.P. 23(b)(2) and for summary judgment pursuant to Fed.R.Civ.P. 56. Although briefing schedules were set on both motions which provided that defendants William R. Blair, Fire Commissioner of the Chicago Fire Department, and the City of Chicago were to respond to the class certification motion by November 23, 1981, and the summary judgment motion by December 1, 1981, no responses have yet been filed.[2] The Court views this dereliction as completely inexcusable and, in accordance with Local Rule 13(b) and the reasons set forth below, both motions will be granted without delay.

■ With respect to the motion for class certification, the Court finds that the class encompassing an estimated 5000 Departmental employees is so numerous that joinder of all class members would be impracticable (Fed.R.Civ.P. 23(a)(1)), that there are questions of law and fact that are common to the class (Fed.R.Civ.P. 23(a)(2)), that the claims and defenses of Grady as class representative are typical of those of the class (Fed.R.Civ.P. 23(a)(3)), and that Grady may fairly and adequately represent the class' interest (Fed.R.Civ.P. 23(a)(4)). Furthermore, the defendants have acted or refused to act on grounds generally applicable to the class thereby making appropriate final injunctive or declaratory relief with respect to the class as a whole within the meaning of Fed.R.Civ.P. 23(b)(2). Accordingly, a class of all Department employees subject to Fire Department Order 81–010 will be certified in this matter. It is so ordered.

In support of the motion for summary judgment, Grady argues, on behalf of the class, that the order in question constitutes a vague and overbroad regulation of speech, regardless of content or effect, that has a substantial chilling effect upon the exercise of first amendment rights. The prohibition on any and all speech before it occurs is characterized as an unconstitutional prior restraint and as a 'gag rule' that prevents the dissemination of not only incorrect information, but correct information and matters of opinion as well. Although the defendants have not attempted to rebut the class' arguments, the order itself states that its justification lies in the need to prevent the release of incorrect information to the public that "not only harms the professionalism of the Department but innocent people as well."

■ In *Muller v. Conlisk*, 429 F.2d 901 (7th Cir. 1970), a case with which this Court has more than a passing familiarity, the United States Court of Appeals for the Seventh Circuit found that a similar order promulgated by the Chicago Police Department constituted an overbroad infringement upon constitutionally protected speech. In our view, Fire Department Order 81–010 is subject to the same constitutional objections and must meet the same fate. To the extent that the rule is an attempt to insure that incorrect information is not disseminated to the media or the public, it sweeps much too broadly and infringes upon constitutionally protected speech. Like the rule at issue in *Muller*, the order at issue here prohibits all criticism of the Department by Department employees. Indeed, Fire Department Order 81–010 is even broader than the rule at issue in *Muller* since it prohibits all comment on Department policy and operations whether favorable or unfavorable to the Department. Accordingly, the motion for summary judgment is granted. It is so ordered.

A petition for attorneys' fees and costs pursuant to 42 U.S.C. § 1988 will be considered by the Court if it is filed by January 25, 1982. Should such petition be filed, defendants may file their response on or before February 4, 1982. It is so ordered.

Information, Attention: Deputy Commissioner of Operations.

**2.** Nor have defendants moved to extend the time in which to respond to these motions.